UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **M.M.,** | Civil Action No. 25-18547 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| **ERIK ROKOSKY, et al.,** | |
| Respondents. | |

Petitioner M.M., a citizen of Iran, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1, Petition at ¶ 2.) Petitioner has no criminal history and has resided in the United States for 18 years. (ECF No. 1-2, Petitioner's Decl. at ¶ 1.) He has been detained at Elizabeth Contract Detention Facility in Elizabeth, New Jersey, since August 24, 2025. (Petition at ¶¶ 2, 4.) Petitioner alleges that he is unlawfully detained as an arriving alien under 8 U.S.C. § 1225(b) (*id.* at ¶ 27), but he primarily argues that he is entitled to release from detention because his conditions of confinement amount to punishment and violate his right to adequate medical care. (*Id.* at ¶¶ 63-75.) He has provided substantial evidence in his Petition and reply brief showing that he has received inadequate care for his serious medical needs at the Elizabeth Contract Detention Facility.[1] (*Id.* at ¶¶ 28-50; *see generally* ECF Nos. 1, 8-10 (and accompanying exhibits).)

---

[1] Petitioner avers that he has a history of heart disease, severe sleep apnea requiring a CPAP machine, and high cholesterol, and that his serious health conditions have resulted in multiple hospitalizations prior to his detention. (ECF No. 1-2, Petitioner's Decl. ¶¶ 3-6.) He avers that he has been denied essential medications and a CPAP machine by medical staff at Elizabeth Contract Detention Facility; he was hospitalized from November 5-7 for numbness and high blood pressure, and an MRI revealed a brain hemorrhage. (*Id.* at ¶¶ 7-21.) Petitioner was discharged with ongoing chest pain and numbness. (*Id.* at ¶ 27). Petitioner has also provided his medical records and

On December 12, 2025, the Court granted Petitioner's motion for a temporary restraining order ("TRO") to enjoin his transfer and provide his counsel with access to his medical records; the Court also set an expedited briefing schedule. (ECF Nos. 4-5.)

On December 16, 2025, Respondents timely filed a letter response (ECF No. 7), stipulating that Petitioner entered the United States without inspection in 2007 and acknowledging that they will rely on the same statutory interpretation set forth in *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025), which was rejected by this Court in *Vasquez Lucero v. Soto*, et al, No. 25-16737-MCA, 2025 WL 3240895 (D.N.J. Nov. 20, 2025); *see also Rivera Zumba v. Bondi*, Civ. No. 25-CV-14626, 2025 WL 2753496, at *10 (D.N.J. Sept. 26, 2025) (holding under similar circumstances that the "petitioner's mandatory detention is not authorized by § 1225, serves no legitimate purpose, and amounts to punitive detention, warranting habeas relief").

Respondents do not dispute or otherwise address Petitioner's serious medical needs or his allegations that Elizabeth Contract Detention Facility is providing him with inadequate medical care. Petitioner avers that he has resided in the United States for nearly two decades, originally entering the country on a student visa, and has 'never been arrested or charged with any crimes."[2] (ECF No. 1-2, Pet. Decl. at ¶ 1; ECF No. 8-1, Petitioner's Second Decl. at ¶ 12.) These facts, which the Court credits in the absence of any contrary evidence, shows that Petitioner may only be detained under 8 U.S.C. § 1226(a). Therefore, the Court has considered the matter and **GRANTS** the Petition for the same reasons stated in *Vasquez Lucero*.

---

declarations from several specialists who have treated him. (*Id.* at ECF No. 1-4 – 1-9.) He was hospitalized again on December 10-11 for severe headaches and chest pain and also fell while awaiting hospital transport, leading to a seizure. (*See* ECF Nos. 8-2, Mahmoud Decl. ¶¶ 4-5.)

[2] Petitioner contends that Petitioner is detained under 8 U.S.C. § 1225(b)(1), based on the IJ's form order denying bond based on his status as an "arriving alien," but there is no other evidence to suggest that Petitioner may detained under 8 U.S.C. § 1225(b)(1) or (b)(2).

The government opposes habeas relief but, should the Court disagree, argues that the appropriate remedy is a bond hearing. (ECF No. 7 at 1.) As a general matter, writs of habeas corpus are used to request release from custody. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). A habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that at "common-law habeas corpus was, above all, an adaptable remedy"). In *Rivera Zumba*, 2025 WL 2753496, the Court relied on the "flexible nature" of habeas relief and ordered the petitioner released from detention after finding that she was unlawfully detained under 8 U.S.C. § 1225, separated from her attorney and moved across multiple states, leading to the cancellation of her scheduled bond hearing. *Id.* at *11; *see also Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025) (ordering the petitioners immediate release and permanently enjoining respondents from re-detaining him under § 1225); *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296, at *9 (D.N.J. Oct. 23, 2025) (finding that unlawful detention under § 1225 required that petitioner be immediately released). Notably the petitioner in *Rivera Zumba*, like Petitioner in this case, was participating in her immigration case, had no criminal history, and had substantial ties to her community, *id.* at *10, all of which suggests that the government would not have detained her under 8 U.S.C. § 1226(a), which permits discretionary detention based on dangerousness or flight risk.

The evidence supporting release over a bond hearing in this case are even stronger than those outlined in *Rivera Zumba*. Petitioner has provided substantial unrefuted evidence that Elizabeth Contract Detention Facility is providing inadequate medical care for Petitioner's serious

medical needs, resulting in two hospitalizations.[3]  For these reasons, Court finds that immediate release from detention is the appropriate relief in this case and orders respondents to release petitioner within 24 hours back to the original conditions of supervision, if any, that existed prior to his detention.

**IT IS** on this 19th day of December 2025,

**ORDERED** that for the reasons stated in this Memorandum & Order, the petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**; and it is further

**ORDERED Respondents shall release Petitioner from custody back to his original conditions of supervision, if any, within 24 hours of this Order;** and it is further

**ORDERED** that within 3 days, Respondents shall file a letter confirming that Petitioner was released from custody, at which time the Court shall dissolve the temporary restraints and mark this case as closed.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**

---

[3] Petitioner explicitly seeks habeas relief based on his conditions of confinement, relying on the Third Circuit's decision in *Hope v. Warden*, 972 F.3d 310, 325 (2020), which recognized that conditions of confinement claims by immigration detainees are cognizable as habeas claims in extraordinary circumstances. *Id.*  In the early months of the Covid-19 pandemic, this Court ordered the release of immigration detainees with serious health conditions that put them at risk of death or serious illness from COVID-19. *See, e.g.*, *Asmed B. v. Decker*, 460 F. Supp. 3d 519, 534 (D.N.J. 2020); *Cristian A.R. v. Decker*, 453 F. Supp. 3d 670 (D.N.J. 2020).  The Court need not reach Petitioner's arguments that his conditions of confinement amount to punishment and/or deliberate indifference, as the evidence before the Court establishes that Petitioner is unlawfully detained under 8 U.S.C. § 1225, and the Court finds that release from detention is the appropriate remedy, based in large part on his serious medical needs and the inadequate care he is receiving at Elizabeth Contract Detention Facility.